[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the second and third special defenses to the third count of the defendant Michael Penrose's answer dated February 23, 1989. The third count of the complaint alleges, inter alia, that the defendant Michael Penrose sold alcoholic beverages to an intoxicated individual with whom the plaintiff was a passenger and which intoxicated individual was involved in an automobile CT Page 558 accident resulting in injuries to the plaintiff. The plaintiff seeks recovery pursuant to Connecticut General Statutes section 30-102 (the Dram Shop Act).
The defendant Michael Penrose, by way of special defense, alleges the following:
"2. If the plaintiff sustains the injuries and/or damages alleged, the same is as a result of the plaintiff's voluntary agreement to be a passenger in the car operated by the alleged intoxicated person when the plaintiff had reason to know of the condition she alleges the alleged intoxicated person was in and, in so doing, the plaintiff assumed the risk of her own injuries and is precluded from recovery."
"3. The plaintiff joined in, participated in, purchased alcoholic beverages and contributed to the alleged drinking of alcoholic liquor and thereby failed to exercise due care for her own safety and well-being and was not an innocent party entitled to recover against this defendant."
The plaintiff claims that the second special defense of assumption of risk should not apply to a cause of action arising out of the Dram Shop Act and further alleges that the third special defense of participation of the plaintiff in the intoxicating event defeats the legislative purpose of the Dram Shop Act, and should, therefore, not be allowed.
Connecticut appellate courts have not resolved the question whether assumption of risk or participation by the plaintiff in violating the Dram Shop Act is a defense to an action which is based on that statute. Both parties recognize that there are Superior Court decisions that have ruled both ways.
In Nolan v. Morelli, 154 Conn. 432 (1967), an action was brought to recover damages for the death of the plaintiff's decedent, alleged to have been caused by the sale of alcoholic liquor to him by the defendants. The Nolan court hold in part that allegations that proprietors and operators of a restaurant forced or induced the decedent to consume alcoholic beverages when they knew him to be intoxicated and unable to resist their offerings and encouragements did not allege a common law cause of action. The Nolan court stated in part as follows:
 By its express terms, the Act authorizes a recovery, where its conditions are fulfilled, by one injured in person or property as a consequence of the CT Page 559 intoxication of another person to whom intoxicating liquor has been sold while he was intoxicated, but it clearly does not authorize recovery for injuries or property damage sustained by the intoxicated purchaser himself. . . . (The) statute in its present form imposes liability irrespective of any causal relation between the sale of the intoxicating liquor to an intoxicated person and the injury which follows as a result of the intoxication.
More recently in Quinnette v. Newman, 213 Conn. 343
(1990), the court held in an action brought to recover damages for the wrongful death of the plaintiff's decedent, a five year old who was a passenger in a car that was struck by a vehicle operated by an intoxicated driver who had been served alcohol at the defendant's establishment that there was no cause of action based upon common law negligence or public nuisance for the sale of alcohol to an adult who thereafter injures another by reason of his intoxication. The Quinnette court held in part as follows:
 To the extent that the General Assembly sees fit to articulate public policy through specific legislation, we are bound to honor the means by which it addresses the policy issue in question. . . . It appears that an important reason for the plaintiff to seek to abrogate the common law rule is to avoid the financial limitations imposed by section 30-102. Changing the limitation is a matter for the legislature. If the damage limitation is inadequate, then the proper remedy is to increase the statutory limitation by legislative enactment rather than by overturning established judicial principles and precedents.
Section 30-102 set forth the conditions that must be fulfilled in order for a party to recover. Those conditions are as follows:
1. A person sells alcoholic liquor to an intoxicated person.
2. Such person in consequence of such intoxication thereafter injures the person or property of another. CT Page 560
3. The aggrieved person give written notice to such seller within sixty days of the occurrence of such injury of his intention to bring an action under this section, which notice shall specify the time, date and person to whom such sale was made, the name and address of the person injured and the time, date and place where the injury to person occurred.
4. That no action under the provisions of section30-102 shall be brought but within one year from the date of the act or omission complained of.
The Dram Shop Act creates a statutory right that did not exist at common law. Other statutes that have created rights also state the grounds upon which those rights may be lost. In the field of unemployment compensation benefits, section 31-2321, INELIGIBILITY FOR EXTENDED BENEFITS. SUITABLE WORK DEFINED. DUTIES OF STATE EMPLOYMENT SERVICE, provides in part as follows:
 (a) Notwithstanding the provisions of section 31-232c, for weeks of unemployment beginning after March 31, 1981, an individual shall be ineligible for payment of extended benefits for any week of unemployment in his eligibility period, and such ineligibility shall continue until such individual has again been employed, under an express or implied contract of hire creating an employer-employee relationship, in each of four subsequent weeks, whether or not consecutive, and has earned not less than four times his weekly extended benefit amount, if the administrator finds that during such week: (1) He failed to accept any offer of suitable work, as defined under subsection (c) of this section, or failed to apply for any such suitable work to which he was referred by the administrator; or (2) he failed to actively engage in seeking work as prescribed under subsection (d) of this section.
In the field of Workers' Compensation, section31-275, subsection (12) "Arising out of and in the course of his employment" excludes from the coverage of the act under subsection (C) the following: CT Page 561
 (C) In the case of an accidental injury, a disability or a death due to the habitual use of alcohol or narcotic drugs shall not be construed to be a compensable injury.
Further, in the field of Workers' Compensation Benefits section 31-284, BASIC RIGHTS AND LIABILITIES. CIVIL ACTION TO ENJOIN NON-COMPLYING EMPLOYER FROM ENTERING EMPLOYMENT CONTRACTS, provides in subsection (a) in part as follows:
 (a) . . . (E)xcept that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. . . .
In the Insurance Field of Basic Reparations Benefits, section 38-332, PERSON INTENTIONALLY CAUSING INJURY NOT COVERED, provides in part as follows:
 A person intentionally causing or attempting to cause injury to himself or another is disqualified from basic or added reparations benefits for injury arising from his acts, including benefits otherwise due him as a survivor. . . .
In the field of Landlord and Tenant, section 47a-59, ENFORCEMENT ACTIONS. DEFENSES, provides in part in subsection (b) as follows:
 (b) It shall be a complete defense to any action brought pursuant to subsection (a) of this section, that: (1) The violation giving rise to the action was caused by the wilful act or gross negligence of a person other than the defendant; or
 (2) the defendant began to correct the violation promptly upon receipt of notice thereof, but that is full correction could not be completed within the time provided because of technical difficulties, inability to obtain necessary materials or labor or inability to gain access to the dwelling unit wherein the violation occurs.
In contrast to the statutes above cited, there is CT Page 562 nothing in section 30-102 that allows assumption of risk as a defense. Changes in the express grounds for recovery under section 30-102 should be a matter for the legislature. Further, there is nothing in section 30-102 that allows participation as a defense. If the damage limitation in section 30-102 is to be reduced, then the proper remedy to reduce the statutory limit is by legislative action rather than by creating a defense that was not established by the legislature.
Accordingly, the motion to strike the two special defenses is granted.
AXELROD, JUDGE CT Page 563
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 564