[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants, Old Town Cafe, Inc. and Stephen Kelly, move to strike counts one and two of plaintiff's, John Gorman, revised substitute complaint.
On August 15, 1989, plaintiff, John Gorman, initiated this action against defendants, Old Town Cafe, Inc. and Stephen Kelly as backer and permittee of Old Town Cafe, Inc., as a result of an alleged assault on plaintiff by a third party patron Patrick Rich. In a two count revised substitute complaint plaintiff alleges wanton, wilful, and reckless misconduct and negligence.
On May 23, 1990, defendants filed a motion to strike counts one and two of plaintiff's revised substitute complaint. On June 8, 1990, defendants filed a memorandum of law in support of their motion to strike. On September 7, 1990, plaintiff filed a memorandum of law in opposition to defendants' motion to strike.
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The facts alleged in the complaint are to be construed in a manner CT Page 3894 most favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2
(1990). "In judging a motion to strike, . . . it is of no moment that the plaintiff may not be able to prove [his] allegation at trial." Levine v. Bass Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132 (Super.Ct. 1983). "The sole inquiry at this state [of the pleadings] is whether the plaintiff's allegations if proved state a cause of action. " Babych v. McRae, 41 Conn. Sup. 281-82 (1989, Schaller, J.). "For the purposes of ruling upon a motion to strike, the facts alleged in a complaint, though not the legal conclusions it may contain, are deemed to be admitted." Maloney v. Convoy, 208 Conn. 302, 394
(1988).
Count One
Plaintiff alleges the following facts as a basis for its claim of wilful, wanton or reckless misconduct:
 the Defendant, Old Town Cafe, Inc. d/b/a Old Town Cafe, and the Defendant, Stephen J. Kelly, by and through their agents, servants and/or employees, sold and/or provided alcoholic beverages to Patrick Rich, a patron at said establishment.
 the Defendant, Old Town Cafe, Inc. d/b/a Old Town Cafe, and the Defendant, Stephen J. Kelly, by and through their agents, servants and/or employees, allowed Patrick Rich to consume those drinks and become intoxicated.
 Patrick Rich, as a result of the numerous alcoholic beverages he had consumed was in a visibly intoxicated, disoriented and dangerous condition, constituting a danger to other patrons at the aforesaid Old Town Cafe.
 the Defendant, Old Town Cafe, Inc. d/b/a Old Town Cafe, and the Defendant, Stephen J. Kelly, by and through their agents, servants and/or employees, allowed Patrick Rich to walk out of the establishment even though he was so intoxicated that he was visibly disoriented and unable to walk properly such that he constituted a danger to the other patrons at the Old Town Cafe, Inc., d/b/a Old Town Cafe.
 the Defendant, Old Town Cafe, Inc. d/b/a Old Town Cafe, and the Defendant, Stephen J. Kelly, by and through their agents, servants CT Page 3895 and/or employees, knew or should have known that Patrick Rich would be walking out to the parking lot to drive his automobile.
 in consequence of the wilful, wanton and reckless sale and/or providing of alcoholic beverages to Patrick Rich, as aforesaid, Patrick Rich collapsed upon the Plaintiff while both Patrick Rich and the Plaintiff were standing in the parking lot of the Defendant, Old Town Cafe, Inc. d/b/a Old Town Cafe, and as a result of the collapse of Patrick Rich upon the Plaintiff in said parking lot, the Plaintiff suffered serious personal injuries, losses and damages as hereinafter more fully set forth.
Defendants, in their memorandum of law in support of the motion to strike, argue that the facts alleged by plaintiff are legally insufficient to constitute a basis for wilful, wanton or reckless misconduct.
Plaintiff, in its memorandum of law in opposition to the motion to strike, argues the allegations in the first count of the revised, substituted complaint, are legally sufficient to sustain a claim of wilful, wanton and reckless conduct.
"Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action." Dubay v. Irish, 207 Conn. 518, 532 (1988) (citations omitted). "[W]ilful, wanton or reckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement or confusion, and more than mere thoughtlessness or inadvertence or simply inattention." Id. at 533.
"The mere use of the words reckless and wanton is insufficient to raise an actionable claim of reckless and wanton misconduct. To be legally sufficient, a count based on reckless and wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff." Sheiman v. Lafayette Bank and Trust Co., 4 Conn. App. 39, 44 (1985). "Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of CT Page 3896 wilful misconduct." Kowal v. Hofher, 181 Conn. 355, 362 (1980). In the case of Stebbins v. Staschke, 3 CSCR 421 (March 21, 1988, Reynolds, J.), which is similar to the present case, the court found that the alleged facts were insufficient to support an action for wanton and wilful misconduct. But see, Kirchner v. Foshay, 4 CSCR 337 (March 17, 1989, Pickett, J.).
We find that plaintiff has failed to allege facts sufficient to support a claim for wilful, wanton or reckless misconduct. Accordingly the defendants' motion to strike count one of plaintiff's revised substitute complaint is granted.
Count Two
In count two of the revised substitute complaint plaintiff alleges negligence by the defendants in that they "(1) improperly supervised and controlled the activities of the patrons within their premises: (2) allowed patrons on the premises who were likely to injure other patrons; (3) failed to provide competent employees to maintain proper order and to exercise reasonable care for the safety of its patrons."
Defendants, in their motion to strike and in their memorandum of law in support of the motion to strike, assert that there is no common law action in negligence against one who furnishes intoxicating liquor to someone who voluntarily becomes intoxicated and subsequently injures himself or someone else.
Plaintiff, in its memorandum of law in opposition to the motion to strike cites the cases of Nolan v. Morelli, 154 Conn. 432
(1967), and DiBiaso v. Rusty Scuppers Restaurant, 4 CSCR 355
(1989) for the proposition that an action for negligence in failing to keep business premises safe is distinct from a common law negligence action against one who furnishes alcoholic liquor to someone who voluntarily becomes intoxicated and subsequently injures himself or someone else.
Although the court in Nolan stated in dicta that a patron of an establishment who sustained an injury as a consequence of the negligent supervision by the proprietor of the establishment may have a common-law cause of action against the proprietor, Nolan, 154 Conn. at 440-41; the plaintiff has failed to allege facts sufficient to support a claim for negligent supervision. The defendants' motion to strike count two of plaintiff's revised substitute complaint is granted.
Hennessey, J.