[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action for personal injuries against the defendant, alleging what amounts to two specifications of negligence. First, the plaintiff alleges that it was a negligent act for the defendant to deliver alcohol to the plaintiff — a minor — and, second, that it was a negligent act for the defendant to allow the plaintiff to operate a car after having consumed the alcohol. The conduct of the defendant is alleged to be a proximate cause of the accident and resulting injuries of the plaintiff.
The defendant has denied the allegations of negligence and has filed a special defense that alleges that the plaintiff was negligent in using his own senses and faculties while driving and that the plaintiff was negligent in that he chose to drive his car while under the influence of alcohol.
The case was originally claimed for a jury trial. The parties thereafter stipulated to a bench trial on the issue of liability CT Page 4431 only.
FACTS
On January 16, 1993, the plaintiff Karl Pepin was eighteen years old. His friend, the defendant Christopher Cacchillo, had just turned nineteen. They had been friends for years and had graduated from high school together the previous June.
On the evening of January 16, the two friends made plans to go out with two young women whom they were dating. The four assembled at the Stop Shop parking lot in Ansonia where the plaintiff parked his car. The defendant, who had arrived by car, drove the four across the lot to the Valley Discount Liquor Store. The plaintiff and the defendant talked with one another and with the young women about what alcohol they wanted to drink during the evening. The plaintiff stated his preferences and gave the defendant money with which to purchase the alcohol. The defendant entered the store and, using a fake I.D. card, purchased vodka, beer, and other alcohol for the group.
The four drove to the Milford Motel, where they met up with a third couple, rented a motel room, and had a party. By the time they left the motel at 11:30 P.M., the plaintiff, the plaintiff's sixteen-year-old girlfriend, and the defendant were all intoxicated.
The plaintiff and his girlfriend left the motel in a car driven by one of the other couple. The first stop was to drop off the plaintiff's girlfriend at her home by midnight. The plaintiff was then dropped off at his own car back at the Stop Shop parking lot. He entered his car and began to drive to his home. Within half an hour, on a straight, dry stretch of road near his home, the plaintiff crossed over the center line, hit a utility pole, spun around, flipped over and landed roof-down on a stone wall.
The accident caused devastating physical and emotional injuries for the plaintiff. The plaintiff suffered a complete spinal cord injury at C 6/7. He is a quadriplegic who must use a wheelchair for mobility. The injuries he suffered were painful and they are permanent.
THE LAW OF DELIVERING LIQUOR TO A MINOR CT Page 4432
Connecticut law does not recognize a common law cause of action for negligence in the delivery of alcohol to one who then gets drunk and causes injury. Kowal v. Hofher, 181 Conn. 355
(1980). The rationale is that, as a matter of law, the proximate cause of the intoxication is the drinker's act of consuming the alcohol, not the vendor's or donor's act of delivering the alcohol to the drinker. Although the law of proximate cause has evolved in other areas of negligence law, in Connecticut on this particular topic, the law seems to be stuck. See, Quinnett v.Newman, 213 Conn. 343, 351-52 (1990) (Peters, J., dissenting).
In general, there are two common law "exceptions" that will allow a plaintiff to maintain an action against another for the negligent delivery of alcohol[1]. The first is that if the conduct in delivering the alcohol was not merely negligent but rose to the level of wanton and reckless conduct the law allows the plaintiff to recover, with nary another word about the proximate cause problem. See Kowal v. Hofher, supra. The second is that delivering alcohol to a minor who drinks it and thereafter causes injury can be grounds for liability. Ely v.Murphy, 207 Conn. 88, 95 (1988). The latter exception is recognized because, by virtue of their designation as minors, young drinkers are deemed to lack the voluntary capacity to consume alcohol and therefore the fact that a minor does so does not interrupt the chain of proximate causation that might otherwise exist. Id.
 This is not to say, however, that the social host or other purveyor of alcohol is absolutely liable to the minor served or innocent third parties thereafter injured. Rather, the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect.
Ely v. Murphy, supra, at 97. Thus, the holding in Ely does not compel a finding of proximate cause in all cases in which a defendant knowingly delivers alcohol to a minor.
As he has previously done in a Motion for Summary Judgment in this case, the defendant has raised the issue of whether, despite the availability to the plaintiff of a cause of action for the negligent service of alcohol to a minor, such a cause of action will lie against the defendant, who was also a minor. The ruling and reasoning of the court (Zoarski, J.) in denying the motion for summary judgment are persuasive. The defendant who was CT Page 4433 nineteen at the time of the incident is an adult for "liability" purposes under Conn. Gen. Stat. § 1-1d, and may be sued. His age, like that of the plaintiff, is one fact among many that the court may utilize in determining the ultimate facts regarding liability for this tragedy.
The other specification of negligence — failure to prevent the plaintiff from driving a car while intoxicated — is not a cause of action recognized at common law. The common law does not recognize a duty to prevent another from causing harm, even where one has provided alcohol to another who thereafter operates a car. See, Nolan v. Morelli, 154 Conn. 432,443 (1967).
THE ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT
Having concluded that the plaintiff has stated a claim which, if proved, can give rise to liability against the defendant, the court moves on to an analysis of the facts.
The defendant knew it was wrong to obtain and possess the alcohol and to deliver it to his underage friends. Though the defendant himself was under the legal drinking age, he was sufficiently old to be aware of and to conform his conduct to the laws pertaining to underage drinking. In particular, he knew the dangers of delivering alcohol to friends such as the plaintiff in a situation where the drinking was likely to lead to intoxication and to driving a car thereafter. He had a duty to refrain from possessing alcohol and delivering it to a minor; he breached that duty; and that breach was a proximate cause of the plaintiff's injuries.
The court finds that the plaintiff has proved that the provision of alcohol to the plaintiff by the defendant was negligent and was a proximate cause of the accident that resulted in the plaintiffs injuries[2]. To be clear, it is the court's finding that the plaintiff's intoxicated state was a proximate cause of the accident, and that the plaintiffs intoxicated state was proximately caused by the defendant's conduct in supplying alcohol to the plaintiff.
THE ALLEGATIONS IN THE DEFENDANT'S SPECIAL DEFENSE
In considering the special defense — that the plaintiffs injuries were caused by the plaintiffs own negligence CT Page 4434 in consuming the alcohol and then driving a car — the court finds that the defendant has proved the special defense. Just as the defendant was aware of the law and the danger associated with violating the law and was obligated to use reasonable care not to put alcohol in the hands of a minor, the plaintiff was equally aware of the situation and its dangers. The plaintiff was not a young, impressionable teen coerced to drink by the influence of a sophisticated older friend or other adult. It could just as easily have been the plaintiff who obtained the alcohol and delivered it to the defendant who had the accident. The plaintiff actively participated in the plan to buy the liquor and have the "party." He is as chargeable with knowledge and culpability for what followed as the defendant. Thus under Conn. Gen. Stat. §52-572h(b), the court must compare the negligence of the plaintiff and that of the defendant.
The court finds that both are culpable and neither more so than the other.
The court finds the issues of liability in favor of the plaintiff and determines that any award of damages from the defendant are to be dimished by 50%, the percentage of negligence attributable to the plaintiff, the remaining 50% being the defendant's proportionate share.
Patty Jenkins Pittman, Judge