[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#108)
Background
This is a personal injury action brought by the plaintiff, Harold Atwood ("Atwood") against three defendants, Buon Appetite, Inc., Joseph Santora ("Santora"), and Raymond Abed ("Abed"). The amended complaint is in four counts. Count one is a dram shop claim brought pursuant to General Statutes § 30-102. That count alleges that Buon Appetite, Inc. and Santora, as backer and permittee respectively of a bar known as Tas-Mania's Sports Cafe, sold alcoholic beverages to Abed while he was intoxicated, and Abed thereafter assaulted Atwood. The second count alleges that Buon Appetite, Inc. and Santora breached a duty of supervision to Atwood. The third and fourth counts are brought against Abed alone and allege assault and battery, and negligence.
Buon Appetite, Inc. and Santora have moved to strike the second count only asserting that it fails to state a cause of action. A hearing on the motion was held on September 27, 1999. For the reasons set forth herein, the motion to strike the second count of the amended complaint is granted.
Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). In considering a motion to strike, the court is limited to a consideration of the facts alleged in the complaint and may not consider facts outside of the pleadings. Doe v. Marselle,38 Conn. App. 360, 364 (1995), rev'd on other grounds, 236 Conn. 845
(1996). For the purpose of a motion to strike, the moving party admits all facts well pleaded, though not legal conclusions. RK CT Page 16329Constructors, Inc. v. Fusco Corp. , 231 Conn. 381, 383 n. 2 (1994). Moreover, the court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v. United Technologies,Corp. , 240 Conn. 576, 580 (1997). In sum, the role of the court in ruling on a motion to strike is to examine the complaint, construed in favor of the plaintiff, to determine whether the plaintiff has stated a legally sufficient cause of action.Napoletano v. Cigna Healthcare of Connecticut, 238 Conn. 216,232-33 (1996).
The second count of the amended complaint essentially makes the following claim:
On October 31, 1997 at about 9:00 P.M., Abed entered Tas-Mania's Sports Cafe and consumed alcoholic beverages until approximately 11:00 P.M. Buon Appetite and Santora and their agents (hereinafter the "defendants") knew or had reason to know that Abed was intoxicated and nevertheless sold alcoholic liquor to him. That the defendants observed a hostile oral argument between Atwood and Abed. Two unknown individuals who accompanied Abed joined in Abed's argument against Atwood. The defendants saw trouble starting inside the bar and ordered Atwood, Abed and the two unknown acquaintances of Abed, to leave Tas Mania's. Once outside Tas-Mania's, Abed and the two others followed Atwood and assaulted him a distance away.
Atwood has pleaded these facts in support of a tort claim of negligent supervision, alleging that the defendants, having created a dangerous situatiobreached a duty of supervision of parties "outside of the bar." See Amended complaint, Second Count ¶ 611d.
The defendants assert that since Atwood does not allege that he was assaulted at the defendants' premises or anywhere on the property, that sufficient facts have not been alleged to establish a duty of care owed to Atwood. In support of their assertion, the defendants rely on Nolan v. Morelli,154 Conn. 432, 443 (1967). In Nolan, our Supreme Court held that a proprietor of a tavern did not have a duty to guard against injuries to a patron sustained at unknown distances from the proprietors' premises and wholly outside his control or knowledge. Id.
Atwood objects to the motion to strike claiming that the defendants by their actions assisted in creating a dangerous CT Page 16330 condition for him. Atwood seeks to distinguish Nolan on the ground that the defendants contributed to creating a dangerous situation and thereby created a duty of care to him, that required supervision of the ejected patrons while outside of Tas-Mania's.
According to Restatement (Second) of Torts § 314A:
 "A possessor of land who holds it open to the public is under a duty to business invitees to protect them against unreasonable risk of harm.
However, where the injury occurs away from the premises, Connecticut has not imposed liability on the business operator.Nolan v. Morelli, 154 Conn. 432, 443 (1967). See also Restatement (Second) of Torts § 314A, Comment C (a possessor land is not under a duty to an invitee while the invitee is away from the premises).
In Nolan, our Supreme Court considered a situation in which the plaintiffs decedent, after becoming intoxicated in a bar, drove his automobile and collided with a tree sustaining injuries that caused his death. Among the claims raised against the defendant bar owners, was a claim of liability on the defendants for allowing the decedent to leave the premises, after they had served him with intoxicating liquor, although they knew, or should have known, that he was in no condition to drive. The Supreme Court observed that the plaintiff had pointed to no common law duty resting on the defendants, as sellers proprietors or otherwise, to go to that extent, or otherwise to guard against injuries sustained at unknown distances from the defendant's premises and at places and under circumstances wholly outside the defendant's knowledge or control. Nolan v. Morelli, supra154 Conn. 442-43. The Supreme Court affirmed the trial court ruling sustaining a demurrer to that count.
There is no principled distinction between the situation in Nolan, where the defendants allowed an intoxicated person to drive away from the premises, and the allegations in this case that the defendants ordered Atwood, Abed and his companions to leave the bar after a hostile oral argument. In both cases, the common law duty that a proprietor owes to business invitees did not extend to injuries sustained away from the business premises.[1]
CT Page 16331
For the reasons set forth above, the motion to strike the second count only of the amended complaint is granted.
So Ordered at New Haven, Connecticut, this 15th day of December, 1999.
Devlin, J.