[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #91
The plaintiff, Stephen Clinch, filed a two-count complaint against the defendant, Frank Maratta, owner and operator of the America's Cup Restaurant in Middletown, Connecticut. The first count alleges that Clinch was injured in a fight, which began inside the restaurant between himself and three other intoxicated patrons when one of the patrons struck him. The fight ended in the parking lot of the restaurant, after he and the other patrons were ejected from the restaurant. He alleges CT Page 5274 that he sustained significant injuries after begin hit and knocked to the ground.
Clinch contends that Maratta negligently supervised and trained his employees because, among other things, (1) its employees served liquor to patrons and customers whom he knew were or should have known were intoxicated; (2) that he failed to properly train his employees regarding how to prevent, break up and control altercations inside and outside the restaurant; (3) that he failed to properly supervise and control the employees who were given authority and responsibility for maintaining the restaurant in a reasonably safe condition; and that he failed to adopt adequate policies for controlling the service of alcohol to customers and employees of the restaurant: and for ejecting disorderly customers from the restaurant and the parking area. The second count alleges that the bouncer employed by Maratta was responsible for maintaining the restaurant in a reasonably safe condition, despite the fact that Maratta knew or should have known that the bouncer was a convicted felon. The count alleges that the bouncer, while in the course of his employment, and in willful wanton and reckless disregard of the plaintiff's rights, struck Clinch and caused his injuries that night in the parking lot.
The defendant filed a motion to strike both counts of the complaint, arguing that they are barred by the Connecticut Dram Shop Act, which defendant claims provides the exclusive remedy and which requires that claims must be filed within one year of the incident. For the reasons set forth in detail below, the court denies the motion to strike both counts.
 1. STANDARD
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997): see Practice Book §10-39.
 II. DISCUSSION
A. COUNT ONE CT Page 5275
The first count of the plaintiff's complaint alleges negligent supervision on the part of the defendant. The defendant argues that this count should be dismissed because the cause of action alleged by the plaintiff falls under the provisions of the Dram Shop Act. The defendant further implies that the court does not have subject matter jurisdiction to hear this count because the plaintiff did not timely file his claim.
In Nolan v. Morelli, 154 Conn. 432, 440-41, 226 A.2d 383 (1967), the Connecticut Supreme Court stated in dicta that: "[I]f a cause of action is not predicated on the defendant's furnishing, whether by sale or gift, intoxicating liquor, it would not fall within the common-law rule that the consumption, rather than the furnishing, of intoxicating liquor is the proximate cause of intoxication and of any resulting damage to person or property. Thus, a cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment would be unaffected by the common-law rule, whether they were or were not intoxicated and, if intoxicated, regardless of when, where, or how they became intoxicated." Nolan v. Morelli, supra, 154 Conn. 440-41.
Merhi v. Becker, 164 Conn. 516, 520, 325 A.2d 270 (1973) held that the defendant "as the possessor of the premises on that day, had the duty of exercising reasonable care and control to protect its invitees from dangers which might reasonably be anticipated to arise from the conditions of the premises or the activities taking place there."
"Connecticut has recognized a cause of action for the negligent supervision of tavern patrons and employees." Castillo v. Brito, 1991 CT. Sup. 8741, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991, Hennessey, J.); "The cause of action for negligent supervision, however, is based on conduct amounting to the defendant proprietor's failure `to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment,' rather than the proprietor's negligence in furnishing alcohol." Bioski v. Castelano, 1995 CT. Sup. 2710, Superior Court, judicial district of Waterbury, Docket No. 115265 (March 21, 1995, Flynn, J.)
"In cases that have recognized such a cause of action, the plaintiffs were injured by other patrons on the premises of the defendant, and the injuries were allegedly caused by the defendants' failure to supervise the other patrons and provide a safe business environment." Bioski v.Castelano, supra, p. 2713;[1] see also Defosses v. Blauvelt,2000 Ct. Sup. 10758, Superior Court, Judicial District of New Britain, No. 0500393S (Aug. 25, 2000, Kocay, J.) Only when the plaintiff's allegations CT Page 5276 are grounded in negligent service, not negligent supervision, is a count legally insufficient. See Herbert v. Kildub, Inc., 1999 CT. Sup. 9794, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170158 (July 27, 1999, Mintz, J).
Because the plaintiff's claims in count one are for negligent supervision and not negligent service of alcohol to patrons, the court denies the motion to strike. Further, the court concludes that this count sets forth a cause of action not exclusively within the provisions of the Dram Shop act, and therefore finds that it adequately states a cause of action for which relief may be granted.
B. COUNT TWO
In Kowal v. Hofher, 181 Conn. 355, 436 A.2d 1 (1980), the Connecticut Supreme Court held that the Dram Shop Act did not bar a cause of action for reckless and wanton conduct in connection with serving alcohol to patrons by owners of establishments open to the public. The plaintiff in the present case alleges that the defendant acted recklessly and wantonly and alleges specific facts not set forth in count one to support the claims. Construing the facts alleged in the plaintiff's complaint in their most favorable light, the court finds that this count also states a cause of action for which relief may be granted. Accordingly, the defendant's motion to strike count two of the plaintiff's complaint is denied.
BY THE COURT
BARBARA M. QUINN, Judge