[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The minor plaintiff, Heidi Rivera, filed a three count complaint against the defendants, Juan Ramirez and Nelly Ramirez, on July 19, 2001, asserting claims for negligent provision of alcohol to minors, negligent supervision of party guests and wanton and reckless conduct in serving alcohol to minors. The plaintiff alleges the following facts. On June 26, 1999, the defendants hosted a party at their home in Danbury and provided alcohol to the plaintiff and other party guests. During the party, a guest of the defendants physically and sexually assaulted and battered the plaintiff.
On March 18, 2002, the defendants filed a motion to strike the second count of the plaintiff's complaint on the grounds that the plaintiff attempts to assert a cause of action for negligent service of alcohol and that Connecticut does not recognize such a cause of action. The plaintiff counters that the second count is a claim for negligent supervision and Connecticut does recognize such a cause of action.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997).
"[T]here is no common-law action in negligence against one who furnished . . . intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." Kowal v. Hofher,181 Conn. 355, 357, 436 A.2d 1 (1980). Generally, Connecticut courts have only recognized a cause of action for negligent supervision if the allegations pertain to the negligent supervision of tavern patrons and employees. See Nolan v. Morelli, 154 Conn. 432, 226 A.2d 383 (1967); CT Page 8930Manganella v. HFR Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 416242 (February 26, 1999, Zoarski,J.T.R.); Olson v. Tompkins, Superior Court, judicial district of Litchfield, Docket No. 054161 (August 28, 1991, Pickett, J.) (4 Conn.L.Rptr. 786); Castillo v. Brito, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 394099 (October 28, 1991, Hennessey, J.) (6 C.S.C.R. 1099). In one recent Superior Court case, however, the court did recognize a social invitee's claim against his host for negligent supervision of another guest. Colabatistto v. Taborsak, Superior Court, judicial district of Danbury, Docket No. 342268 (November 15, 2001,Radcliffe, J.) (30 Conn.L.Rptr. 706). The plaintiff argues that although Connecticut courts have yet to recognize a negligent supervision claim against a social host, this court should do so because a social invitee is owed the same standard of care as a business invitee, pursuant to General Statutes § 52-557a[1].
A cause of action for the negligent supervision of tavern patrons and employees is based on the proprietor's failure "to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment," rather than on the proprietor's negligence in furnishing alcohol. Nolan v. Morelli, supra,154 Conn. 440-41; see also Defosses v. Blauvelt, Superior Court, judicial district of New Britain at New Britain, Docket No. 500393 (August 25, 2000, Kocay, J.) (28 Conn.L.Rptr. 126). Colabatistto is distinguishable on this basis because, as the court noted, the plaintiff's allegations against his host did not pertain to the service of alcohol. Therefore, for the court to find that a cause of action for negligent supervision applies to a social host, the plaintiff's allegations have to show that the social host failed to exercise reasonable care in the supervision of his guests, rather than show that the social host was negligent in furnishing alcohol to his guests.
In count two, the plaintiff alleges that the defendants "(a) distributed unlimited quantities of alcoholic beverages to persons attending the party; (b) continued to serve alcoholic beverages to persons attending the party when they knew, or should have known, they were impaired by alcohol; (c) failed to properly supervise those attending the party when they knew, or should have known, that alcoholic beverages were being consumed by those in attendance; (d) continued to serve alcoholic beverages to those attending the party who were already impaired by alcohol; (e) failed to supervise the activities of their guests, including their consumption of alcohol; (f) encouraged those attending the party who were impaired by alcohol, to continue drinking alcohol; (g) failed to lock their liquor cabinet and/or bar to prevent those attending the party from serving themselves with alcoholic CT Page 8931 beverages; (h) should not have offered unlimited quantities of alcohol to those attending the party; (i) should not have fallen asleep while those attending the party were still guests in their home consuming the hosts' alcohol; (j) should not have made the alcohol so easily accessible to those attending the party; (k) should not have provided those attending the party with the alcohol and encouraged them to consume it."
All of these allegations directly pertain to the defendants' failure to use reasonable care in the furnishing of alcohol to their party guests and are thus grounded in negligent service of alcohol. See Defosses v.Blauvelt, supra, Superior Court, Docket No. 500393; Herbert v. Kildub,Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170158 (July 27, 1999, Mintz, J.); Valle v. Andrews, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 552111 (March 9, 1996, Hennessey, J.); Bioski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. 115265 (March 21, 1995, Flynn, J.) (14 Conn.L.Rptr. 346); Sego v. Debco, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 039650 (July 23, 1993, Jones, J.) (9 Conn.L.Rptr. 518) (8 C.S.C.R. 997). The plaintiff has not sufficiently pleaded a cause of action for negligent supervision of party guests. Accordingly, the defendants' motion to strike count two is granted.
White, J.