[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this action seeking damages for personal injuries sustained in a highway motor vehicle accident allegedly caused by a patron of defendant restaurant the third count of the complaint alleges negligent supervision of a restaurant employee who continued to serve liquor to the intoxicated patron.
The defendant moves to strike the third count on the ground that based on the facts alleged in the complaint, the Dram Shop Act, General Statutes § 30-102, affords the plaintiff her exclusive remedy in this matter and, therefore, the count is legally insufficient. The third count claims that two of the named defendants, The Main Pub Restaurant, Inc. (Main Pub), and Glenn C. Beaulieu, permittee of the Main Pub, were negligent not only in continuing to serve alcohol to a patron after the patron became intoxicated but in allowing the intoxicated patron to operate his motor vehicle, and for failure to supervise, train or institute procedures for employees to prevent intoxication and operation of motor vehicles by inebriated patrons.
Our Supreme Court has stated:
 "At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury."
Quinnett v. Newman, 213 Conn. 343, 345-46, 568 A.2d 786 (1990). CT Page 13163
Our court has recognized the validity of a negligent supervision action where the plaintiffs were injured by other patrons on the premises of thedefendant, and the injuries were allegedly caused by the defendants' failure to supervise the other patrons and provide a safe business environment. Clinch v. Maratta, Superior Court, judicial district of New Britain, Docket No. CV 99 0498020 (April 17, 2002, Quinn, J.) (32 Conn.L.Rptr. 77, 78). In Davenport v. Quinn, 53 Conn. App. 282, 287-89,730 A.2d 1184 (1999) the Appellate Court found that the trial court properly held that a plaintiff patron could allege common law negligence claims against defendant bar owner in addition to violation of Dram Shop Act, after plaintiff was attacked while standing on sidewalk outside bar by individuals who had just left the bar. In Nolan v. Morelli,154 Conn. 432, 440-41, 226 A.2d 383 (1967) our Supreme Court stated:
 "[A] cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment would be unaffected by the common-law rule, whether they were or were not intoxicated and, if intoxicated, regardless of when, where, or how they became intoxicated. In such a situation, a patron or business visitor of the establishment who sustained an injury in person or property as a consequence of such negligence in supervision might have a common-law cause of action. . . .").
In Federico v. Caruso, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. CV 96 0053808 (April 18, 2002,Sequino, J.) the court discussed a case similar to the instant case, as follows:
"Although the plaintiff claims that the allegations of the third count involve `negligent supervision' of the defendant's employees, the thrust of the allegations clearly involve a claim of negligent sale of alcohol. The claimed failure of the defendant to supervise his employees to prevent their sale of alcohol to an intoxicated person is not supervision of the premises or supervision of patrons of the premises. Courts have uniformly rejected similar attempts to validate claims of negligent sale of alcohol by calling them negligent supervision claims." CT Page 13164
See Bioski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. CV 95 0115265 (March 21, 1995, Flynn, J.) (14 Conn.L.Rptr. 346, 348-49) ("In cases that have recognized such a cause of action, the plaintiffs were injured by other patrons on the premises of the defendant, and the injuries were allegedly caused by the defendants' failure to supervise the other patrons and provide a safe business environment."); Sego v. Debco, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 92 039650 (July 23, 1993,Jones, J.) (9 Conn.L.Rptr. 518, 519) (negligent supervision "has only been allowed in cases where the establishment served alcohol to one patron who subsequently assaulted another patron in the same establishment").
Claims similar to the plaintiff's allegation in the third count based on the negligent failure of the defendant tavern owner to prevent a patron from driving, have been generally rejected. The common law has not recognized a duty to prevent a person from causing harm, even in the case where someone provides alcohol to another person knowing that the person may, thereafter, operate a motor vehicle. Federico v. Caruso, supra, Superior Court, Docket No. CV 96 0053808. See Quinnett v. Newman, supra,213 Conn. 343. The court must defer to the remedy outlined by the legislature in the Dram Shop Act.
Since the third count in this case clearly involves a claim of negligent sale of alcohol, the defendant's motion to strike the plaintiff's third is granted.
_________________ Wagner, JTR CT Page 13165