## M. ELIZABETH CLAYTON
### vs.
## JOHN R. CLAYTON, ET AL.

Superior Court     New Haven County     File #9503
(At Waterbury)

Present: Hon. FRANK P. McEVOY, Judge.

Davis, Davis & Davis,
William B. Hennessy, in fact     Attorneys for the Plaintiff.

Clayton L. Klein,     Attorneys for the Defendant.

## MEMORANDUM FILED APRIL 1, 1936.

McEVOY, J. An examination of the record in this case discloses that:

1. The action was instituted on May 19, 1931, returnable to the Superior Court in and for New Haven County at New Haven, on the first Tuesday of June, 1931.

2. On June 3, 1931, a motion to transfer the case from New Haven to Waterbury was filed.

3. On June 15, 1931 the motion to transfer the case from New Haven to Waterbury was granted.

4. On July 1, 1931 motion was filed for dissolution of the pending real estate attachment and the substitution of a bond.

5. Thereafter the application was duly heard and the attachment was reduced from $100,000.00 to $25,000.00 and it

was ordered that a bond in the sum of $25,000.00 be substituted for the real estate attachment.

6. On February 9, 1932 the plaintiff filed:

(a) Motion for permission to amend

(b) Motion for continuance of action

(c) Motion for permission to withdraw the action.

On the same day these motions were all denied.

7. On February 9, 1932 the jury was directed to render its verdict in favor of both of the defendants; the jury complied with this direction and judgment was entered upon the verdict.

8. On December 20, 1932 the Supreme Court of Errors found error in the action of the trial court in refusing to allow the plaintiff to amend her complaint and found:

"Error, judgment set aside and cause remanded, to be proceeded with according to law."

9. Since December 20, 1932, the plaintiff has filed no amendment to the complaint, nor has the plaintiff filed any motion for permission to amend the complaint.

10. Between December 20, 1932 and February 23, 1934 nothing further was done nor has any paper addressed to the pleadings been filed in this action nor has any claim for assignment for trial been made.

11. On February 14, 1934, Leslie N. Davis entered an appearance in behalf of the plaintiff.

12. On February 14, 1934, the plaintiff's counsel of record duly filed their motion for permission to withdraw as counsel for the plaintiff and this motion was granted on February 23, 1934.

The net result of this situation was to leave Leslie N. Davis as counsel of record for the plaintiff.

13. Thereafter, on February 26, 1934, withdrawal of appearance, signed by counsel of record for the plaintiff, was duly filed with the Clerk of the Superior Court at Waterbury. This withdrawal of the original counsel of record for the plaintiff did not affect the entry of appearance by the present

counsel of record, Leslie N. Davis, who duly filed his appearance on February 14, 1934.

14. Thereafter, without having reentered as counsel, the original counsel for the plaintiff, on January 19, 1935, again filed written withdrawal of their appearance as counsel for the plaintiff.

15. On May 10, 1935, at the regular annual call of the docket the cause was discontinued.

16. Thereafter on June 7, 1935, by agreement of counsel, the case was restored to the docket with the provision that it was "to be disposed of on or before January 1, 1936".

17. On May 31, 1935, defendants' counsel of record wrote to plaintiff's counsel of record "I shall comply with your request that the case be restored to the docket to be disposed of by January 1, 1936".

18. On June 3, 1935 plaintiff's counsel of record sent a copy of the letter referred to in the preceding paragraph to the Clerk of the Superior Court at Waterbury (Exhibit C and copy of letter thereto annexed).

19. On June 1, 1935 plaintiff's counsel of record wrote to defendants' counsel as follows:

"I greatly appreciate your favor in permitting Clayton vs. Clayton to be restored. I suggest that you press the case early in the fall. I shall communicate with Mrs. Clayton's New York attorneys and unless they take action I want nothing more to do with it at all. I do not see how she can expect to let this case drag on interminably."

(Exhibit D.)

20. The cause was not tried on or before January 1, 1936.

21. On February 24, 1936 a "Motion for Restoration to Docket" was filed by an attorney at law in good standing who has not, however, entered any appearance in this cause.

It does not appear that this motion was filed at the request of or under the direction of the present attorney of record for the plaintiff.

22. In that "motion" it was stated, by inference only,

that the cause "automatically went off the docket for not having been tried, January 1, 1936".

23. The record shows that on May 10, 1935, the case was discontinued but that on June 7, 1935 the case was restored with the provision that it "be disposed of on or before January 1, 1936".

24. If the case were "discontinued" at the annual call of the docket unless disposed of by January 1, 1936, "the judgment must date from the time of its entry, subject to being opened if the condition is not complied with before the expiration of the time fixed. Under such an assumed state of facts the Court would not have power to restore this case."

Memoranda filed by Judge Jennings in cases Nos. 5288 and 5289, Tamburello, et al vs. John F. Dunphy, et al. Superior Court for New Haven County at Waterbury, Nov. 20, 1928 and December 11, 1928.

In those carefully written memoranda Judge Jennings clarified the interpretation of the law respecting the power and authority of the Court in these circumstances.

A situation, substantially the same, in principle, was presented to the Court in the cases just cited.

Adopting the conclusions reached by Judge Jennings upon the facts before him it would be reasonable to find as follows:

This case was not discontinued on June 7, 1935 "unless disposed of by January 1, 1936".

It was "restored" June 7, 1935, "to be disposed of on or before January 1, 1936."

Again quoting from Judge Jennings' memoranda of decision:

"The difference is slight but vital. In the former case the judgment of discontinuance would date as of May, 1935 and could not be opened at this term.

"In the latter case the judgment, if any, dated from January 1, 1936, or immediately thereafter, and could be opened at this term."

It thus appears that this Court now has authority and

power to place this case upon the docket, if the Court in the exercise of its discretion concludes that it should be so restored.

Upon the oral argument of this motion it was claimed that Judge Peasley, having presided at the trial of this case to the jury, in February, 1932, was, in May or June, 1935, disqualified to pass the order of discontinuance which was the foundation for the order of restoration.

This claim is, no doubt, based upon the provisions of **Section 5398, Revision of 1930.**

This Section is composed of two sentences. The second sentence reads as follows: "and no Judge of any Court who shall have presided over any jury trial, either in a civil or criminal case, in which a new trial shall be granted, shall again preside **at the trial** of such case."

There is nothing in this sentence to indicate that it was the intention to prevent the original presiding judge from discontinuing, at the regular annual call of the docket, any case even though it were one at the trial of which he had presided.

In this connection it should be observed that the next Section, 5399, provides that ". . . . such proceeding shall not by reason thereof be void, but such action shall constitute an irregularity of which advantage may be taken by appeal or proceedings in error."

Upon the record the judgment in this case would have been entered immediately after January 1, 1936, the date fixed in the order of restoration as the last date upon which the action could be tried.

It is now claimed by the plaintiff that the cause could not have been tried at the present session nor could application for "restoration" have been made because Judge Peasley was presiding at the winter session. While it is true that the case could not have been **tried** by Judge Peasley yet the motion could have been made during his session and he could have acted upon it.

Since this Court now has both power and authority to make any proper order in the premises it now becomes a matter for the exercise of the discretion of the Court in the premises.

This "Motion to Restore" was first filed on February 24, 1936, and then placed upon the Short Calendar for February 28, 1936.

On that day, it was, by agreement of counsel, continued for one week. On March 6 and on March 13, 1936, the hearing on the motion was again continued for one week.

Finally on March 20, 1936, the motion was argued and, at the suggestion of the Court, the matter was continued in order that the plaintiff might personally appear and that all available evidence in her behalf might be offered.

On March 27, 1936, the plaintiff did appear and offered her testimony.

Various letters were also offered in evidence.

These letters were marked as exhibits. The exhibits and the evidence have been ordered to be included in the file so that they may be available for use in any further proceedings in this action.

This motion comes under the general equitable jurisdiction of the Court.

It is not a motion for new trial under the Statute.

New trials on equitable grounds may be granted under certain circumstances, none of which appear here.

The policy of the plaintiff seems to be one of attrition.

The plaintiff's husband is now deceased. The defendants are aged people.

From these facts certain pertinent inferences may reasonably be drawn.

A calm consideration of the meager evidence offered and of the lengthy record (25 papers) induces the conclusion that there is no merit in the plaintiff's claim.

The motion is denied.