[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff has brought this action in two counts, alleging in the first count a Dram Shop action and in the second count, an action based on wanton and wilful conduct in the service of alcohol to an obviously intoxicated person. Both counts allege that the violation of the Dram Shop Act and the alleged wanton and wilful conduct of the defendant have proximately caused the injuries to the plaintiff described in the complaint. The defendant has answered and filed four special defenses without indicating to which count the four special defenses are directed. Plaintiff has moved to strike the third and fourth special defense, also without specifying any claim as to which count plaintiff claims the special defenses are inadequate. To complicate matters further, plaintiff's memorandum seems to claim that the second, third and fourth counts' special defenses are inadequate as a matter of law to constitute a defense to a Dram Shop action, apparently conceding that all four special defenses are valid with respect to the second count. Defendant's memorandum in opposition to plaintiff's motion to strike also deals with special defenses two, three and four, in spite of the fact that the plaintiff has only moved to strike the third and fourth special defense.
Insofar as the motion to strike the third and fourth CT Page 811 special defense is claiming that contributory negligence and assumption of risk are not defenses to a count of wanton and wilful conduct in the service of alcohol to an intoxicated person who later causes injury to the plaintiff, the motion to strike has not briefed that issue and the motion to strike as regards the second count is denied.
What has been briefed is whether the second special defense, which alleges participation; the third special defense, which alleges either contributory negligence or "almost assumption of risk"; and the fourth special defense, which alleges assumption of risk, constitute legal defenses to an action brought under the Dram Shop Act.
The Court is most impressed with Judge Maloney's opinion in Ziegler v. B.J.'s Cafe, Inc., 3 CSCR 422 (1988), but the Court is precluded from ruling on the motion to strike the second special defense since it simply has not been made part of plaintiff's motion to strike.
With respect to the issue as to whether contributory negligence and assumption of risk can be pleaded as special defenses to a Dram Shop action, the Court is of the opinion, and follows, Judge Maloney's analysis of that issue as set forth in Ziegler v. B.J.'s Cafe, Inc., supra.
The motion to strike special defenses three and four, with respect to the first count only, is granted.
KOLETSKY, J.