[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE COUNT THREE
The plaintiff, Christopher Muckle, filed a five-count amended complaint against three defendants, Heron Francis; Silverstreak Inc., d/b/a September's Cafe; and Jeffrey Baier, which was allowed by the court over the defendant's objection on February 3, 1992.
The plaintiff alleges the following facts in his complaint. On April 1, 1990, the defendant Silverstreak, Inc. owned and operated a nightclub cafe and/or bar in Waterford known as September's Cafe [hereinafter "September's"]. The defendant Jeffrey Baier was the permittee of the said premises. The plaintiff alleges that on such date, the defendant Heron Francis was a customer of September's. The plaintiff alleges that the defendants Jeffrey Baier and Silverstreak, Inc. by or through their agents or employees, sold and/or served alcoholic beverages to the defendant Francis who was intoxicated. The plaintiff further alleges that the plaintiff was also a customer of September's at the same time as the defendant Francis, an that the defendant Francis verbally and physically assaulted the plaintiff on the defendant's premises causing the plaintiff to suffer serious injuries.
Count one of the plaintiff's complaint is against the defendant Francis alleging intentional assault. Counts two through five are directed at the defendants Silverstreak, Inc. and Jeffrey Baier. Count two is an action brought pursuant to the Connecticut Dram Shop Act, General Statutes30-102. In count three, the plaintiff alleges willful, wanton and reckless misconduct. In the fourth count, the plaintiff alleges negligent supervision. Finally, in count five, the plaintiff alleges that the defendants, Jeffrey Baier and Silverstreak, Inc., were negligent in failing to CT Page 7615 provide proper security.
On May 7, 1992, the defendants Silverstreak, Inc. and Jeffrey Baier filed a motion to strike count three of the plaintiff's complaint, along with a memorandum of law in support thereof, on the ground that it fails to allege a cause of action for reckless and wanton misconduct.
The plaintiff filed a memorandum in opposition to the defendant's motion to strike on May 26, 1992.
A motion to strike is a means of challenging the sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91,109, 491 A.2d 368 (1985). The court may not look beyond the facts alleged in the complaint. Robert S. Weiss Assoc. Inc. v. Weider Light, 208 Conn. 525, 537, 546 A.2d 216
(1988). All facts alleged are construed in the light most favorable to the pleader. Rowe v. Godue, 209 Conn. 273, 278,532 A.2d 978 (1988). If facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Department, 179 Conn. 541, 545, 427 A.2d 822
(1980). A pleading is subject to a motion to strike if it contains mere conclusions of law absent sufficient alleged facts to support them. Cavallo v. Derby Savings Bank,188 Conn. 281, 285, 449 A.2d 986 (1982). Therefore, a pleading which is legally insufficient on its face is subject to a motion to strike even if there exists facts which, if properly pleaded would establish a cause of action. Gurlucci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
A cause of action for wanton and reckless misconduct in relation to the service of alcohol exists at common law. Kowal v. Hofher, 181 Conn. 355, 436 A.2d 1
(1980).
The three terms willful, wanton and reckless have been treated to mean the same thing. Dubay v. Irish,207 Conn. 518, 532, 542 A.2d 711 (1988). Recklessness "is `more than negligence, more than gross negligence.'" Dubay v. Irish, supra, 532, quoting Bordonaro v. Senk, 109 Conn. 428,431, 147 A.2d 136 (1929). "`[W]illful, `wanton,' or reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." Dubay v. Irish, supra, 533, quoting W. Prosser W. Keeton, CT Page 7616 Torts (5th Ed.) 34, p. 214. Intentional conduct has also been treated similarly as reckless misconduct, and the reason for this "is that the conduct in both cases is outrageous. . . ." Kowal v. Hofher, supra, 362.
"The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 452 (1985), citing Kostuik v. Queally, 159 Conn. 91, 94 267 A.2d 452 (1970). A claim for wanton and reckless misconduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike. Id.
The plaintiff alleges the following in its complaint in support of its claim for willful, wanton and reckless misconduct:
 On said date, the defendants Jeffrey Baier and Silverstreak, Inc. d/b/a September's Cafe, by and through their agents, servants and/or employees, acted willfully, wantonly and recklessly in that they:
 a. intentionally sold and/or provided alcoholic beverages to the defendant, Heron Francis;
 b. intentionally allowed the defendant, heron Francis, on the premises in an intoxicated condition when his intoxicated condition created a danger to other patrons.
 c. intentionally failed to provide adequate security on, around and near its premises; and
 d. intentionally failed to provide safe access and egress from the premises.
 The defendants knew or should have known that Heron Francis was in an intoxicated condition at the time that alcoholic beverages were served, sold and/or provided by the defendant.
The defendants Silverstreak, Inc. and Baier argue, in their memorandum, that the plaintiff's allegations are CT Page 7617 insufficient to support a cause of action for willful, wanton, and reckless misconduct because they fail to allege "any facts which show that there was a reckless disregard or an intention to cause the injuries which the plaintiff received as the result of an intentional fight by parties not connected with the defendant." The thrust of Kowal v. Hofher, supra, the defendants argue, is that "the conduct is so outrageous as to make the activity analogous to an intentional tort."
The plaintiff cites Warner v. Leslie-Elliot Construction Co., 194 Conn. 129, 479 A.2d 231 (1984), in his brief in support of his argument that the allegations in his complaint are sufficient to state a cause of action for willful, wanton and reckless misconduct because he need only "employ language explicit enough to inform the court and opposing counsel that willful or malicious conduct is being asserted." (Plaintiff's brief p. 7).
In Warner the plaintiff alleged in his complaint that the defendant, erected a chain across the roadway "in a manner so as to amount to a trap. " Id., 138. The plaintiff contended that this allegation amounted to a claim for wilful misconduct. The court stated:
 There is a substantial difference between negligence and willful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that willful or malicious conduct is being asserted.
Warner v. Leslie-Elliot Construction Co., supra, 138. The court further stated that "willful misconduct `must encompass both the physical act . . . and its injurious consequences." Id., quoting Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58
(1958); Brock v. Waldron, 127 Conn. 79, 80, 14 A.2d 713
(1940). The Warner court held that the use of the word "trap" in a complaint, "that is otherwise limited to ordinary negligence is not sufficient to raise or claim willful or malicious conduct." Warner v. Leslie-Elliot Construction Co., supra, 139.
The plaintiff's contention that Warner stands for the proposition that he need only employ language explicit enough to indicate that willful or malicious conduct is being alleged to withstand a motion to strike is erroneous. In Warner the plaintiff merely alleged facts indicating negligence and as such the allegations in the plaintiff's CT Page 7618 complaint were insufficient to support a claim for willful misconduct. It does not follow from the court's conclusion that the plaintiff, then, need only indicate in his complaint that he is asserting a claim for willful misconduct.
The cases discussed below indicate that in order to sustain a claim alleging willful, wanton and reckless misconduct, the plaintiff must not only indicate that he is alleging willful, wanton and reckless misconduct rather than negligence, but plead facts in support thereof.
In Castillo v. Brito, 5 CTLR 201 (October 28, 1991, Hennessey, J.), the court denied the defendant's motion to strike a court alleging willful, wanton and reckless conduct based on the following facts:
 (1) said unidentified patron proceeded to consume intoxicating liquors purchased from and/or sold by the defendants (2) said unidentified patron was in a visibly intoxicated condition and was loud, boisterous, argumentative and/or prone to violent proclivities, yet the defendants' with full knowledge of the likelihood of serious danger of violence or harm to other patrons in said cafe, continued to supply the patron and allowed him to remain in his intoxicated state.
Castillo v. Brito, supra, 203.
In Kirchmeier v. Foshay, 4 CSCR 337 (March 17, 1989, Pickett, J.) the court denied the defendant's motion to strike a count of willful, wanton and reckless misconduct which alleged the following facts:
 1. The defendants, or their agents, sold, gave and delivered numerous alcoholic beverages to the plaintiff's decedent; 2. The defendants allowed the plaintiff's decedent to consume those drinks and become intoxicated; 3. The defendants or their agents, allowed the plaintiff's decedent to walk out of the establishment even though he was so affected that he was disoriented and unable to walk properly and; 4. The defendant knew or should have known that the plaintiff's decedent would be walking on a public highway. CT Page 7619
Kirchmeier v. Foshay, supra 337. See Gorman v. Old Town Cafe, Superior Court Judicial District of Hartford-New Britain at Hartford, Docket Number 365810, (November 29, 1990, Hennessey, J.) (where the court granted the defendant's motion to strike the plaintiff's recklessness claim which alleged similar facts).
In Stebbins v. Staschke, 3 CSCR 421 (March 21, 1988, Reynold, J.) the court found that the following allegations were not sufficient to support the plaintiff's claim of willful, wanton and reckless misconduct.
 (1) they continued to serve alcoholic beverages to plaintiff when they knew or should have known she was likely to operate a motor vehicle; (2) they permitted the plaintiff to leave the premises in an intoxicated condition when they knew or should have known that she would be operating her automobile on a dangerous road, and (3) they permitted the plaintiff to leave the premises in disregard of public policy as expressed in General Statutes 14-227a.
Stebbins v. Staschke, supra, 421.
Castillo and Kirchmeier are distinguishable from Stebbins, because in the two former cases the plaintiff had alleged facts that would indicate that the defendants served a patron alcohol despite the fact that he was obviously drunk, whereas the latter case did not contain such facts. In other words, to sustain a cause of action for willful, wanton and reckless misconduct in the service of alcohol, under the above cited cases, the plaintiff must plead actual facts which indicate that the plaintiff knowingly served an intoxicated patron not just conclusions.
In the instant case the plaintiff alleges the mere conclusion that the defendants "intentionally served an intoxicated person." The mere recitation of the word "intentional" does not bring the plaintiff's allegation within the gambit of a legally sufficient claim or willful, wanton and reckless misconduct. See Sheiman v. Lafayette Bank Trust Co., supra, 46. The plaintiff alleges no facts which would indicate that the defendants, or their agents, continued to serve Francis despite his observable manifestations of intoxication. Therefore, count three of the plaintiff's complaint is insufficient to state a cause of CT Page 7620 action for willful, wanton and reckless misconduct.
Accordingly, the defendants' motion to strike is granted.
Leuba, J.