[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS FOUR, FIVE SIX (#111)
The plaintiffs, Janice J. Swift, Valerie Beare, and Amy Beare, brought this action against the defendants, My Brother's Place, LTD., Robert D. Tulisano, Art Corporation d/b/a Farrell's Restaurant ("Farrell's"), Arthur R. Hetrick and Mathet, Inc., to recover injuries sustained in a motor vehicle accident on or about May 6, 1990. Although the plaintiffs' complaint was originally dated May 5, 1992, a revised complaint dated September 29, 1992 was subsequently filed.
In counts one through three the plaintiffs allege that on or about May 6, 1990, the defendant, My Brother's Place, Ltd. was a Connecticut corporation and backer of the defendant My Brother's Place Cafe located at 134 Berlin Road, Cromwell, Connecticut. The plaintiffs further alleged that the defendant Robert D. Tulisano, individually and as permittee, possessed, maintained and controlled said night club, bar and restaurant and was an agent, servant and/or employee of the defendant My Brother's Place, Ltd d/b/a My Brother's Place Cafe, acting within the scope of his employment.
The plaintiffs allege that on May 6, 1990, between the hours of 9:00 p.m. and 11:59 p.m., Keith W. Royce was a patron at My Brother's Place Cafe. The plaintiffs allege that on the same date, the plaintiffs, Janice Swift and Valerie Beare as passengers and Amy Beare as the driver, were traveling in Dodge motor vehicle in an easterly direction on Hartford Avenue approximately 300 feet east of Main street in Middletown, Connecticut. The plaintiffs allege that at approximately 12:30 a.m., at that same time and place, a vehicle operated by Keith W. Royce struck the vehicle in which the plaintiffs were traveling, causing the plaintiffs to sustain and suffer severe personal injuries and losses.
The plaintiffs allege that on May 6, 1990, the defendant, My Brother's Place Cafe, its agents, servants and/or employees, willfully, wantonly and recklessly sold alcoholic beverages to Keith W. Royce while was intoxicated, all of which caused the plaintiffs' injuries. The plaintiffs allege that the accident and the plaintiffs' injuries and losses were caused by the CT Page 2327 willful, wanton and reckless conduct of the defendant in that they served alcohol to Keith Royce while they knew that he was intoxicated.
In counts four through six the plaintiffs allege that on or about May 6, 1990, the defendant, Art Corporation was a Connecticut corporation and the backer of the defendant Farrell's Restaurant, located at 121 Marlborough street, Portland, Connecticut. The plaintiffs further allege that Arthur R. Hetrick, Jr., individually and as permittee, possessed, maintained and controlled said night club, bar and restaurant, and was an agent, servant and/or employee of the defendant Art Corporation d/b/a Farrell's Restaurant, acting within the scope of his employment.
The plaintiffs allege that subsequent to May 6, 1990, the defendant, Mathet, Inc. became the successor corporation to Art Corporation and assumed all debts, liabilities and responsibilities of said Art corporation.
The plaintiffs allege that Royce was a patron at Farrell's Restaurant between the hours of 1:00 p.m. and 11:59 p.m. The plaintiffs allege that prior to the accident described in counts one through three the defendants willfully, wantonly and recklessly sold alcoholic beverages to Royce while he was intoxicated, which caused injury to the plaintiffs.
The defendants, Art Corporation, d/b/a, and Arthur R. Hetrick, Jr., filed a motion to strike counts four, five and six of the plaintiffs' revised complaint. The motion, dated November 25, 1992, was accompanied by a memorandum of law. The plaintiffs filed a memorandum in opposition dated January 27, 1993.
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book 152. The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings." Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The defendants, Art Corporation, d/b/a Farrell's Restaurant and Arthur R. Hetrick, Jr., argue that the fourth, fifth and CT Page 2328 sixth counts should be stricken on the ground that the plaintiffs have not alleged sufficient allegations of willful, wanton and reckless conduct so as to state a cause of action.
The defendants argue that the sole allegations provided by the plaintiffs in support of such a claim are found in paragraph 12 of counts four, five and six. The defendants argue that the allegations found in paragraph 12 only amount to a claim under Connecticut's Dram Shop Act found in General Statutes 30-102. The defendants argue that the plaintiffs' allegation that the defendants served Royce with the knowledge of his intoxication does not sufficiently assert that the defendants made a conscious choice of action with the knowledge that their conduct involved a serious risk of injury to others.
The defendants argue that the mere use of the words "reckless" and "wanton" are insufficient, in of themselves, to raise a claim to reckless and wanton conduct. Therefore, the defendants argue that counts four, five and six should be stricken on the ground that they fails to allege willful and wanton conduct.
The plaintiffs argue that an individual may be liable for the injuries and consequences of his wanton and reckless conduct in furnishing alcoholic beverages to another. The plaintiffs argue that while the words "reckless" and "wanton" are in of themselves insufficient to raise claim to reckless and wanton conduct, they are not insufficient when a "duty" has been alleged. The plaintiffs argue that a duty has been alleged that arises from the defendants knowing that Royce was intoxicated when they served him. Therefore, the plaintiffs argue counts four, five and six should not be stricken because they are sufficient to give rise to a cause of action for reckless and wanton conduct.
The Connecticut Supreme Court has held that while a vendor may be protected from common law liability for the injurious consequences of negligent conduct in the sale or serving of alcoholic beverages to another, the same policy considerations do not apply when the vendor's conduct constitutes wanton and reckless misconduct. Kowal v. Hofher, 181 Conn. 355, 360 (1980). "An examination of the policy considerations involved in legal cause persuades us that there is no logical reason for denying the plaintiff a recovery based on proof of wanton and reckless misconduct." Id, at 362. In addition, that court stated that CT Page 2329 there is no indication that the legislature intended the Dram Shop Act, Connecticut General Statutes Section 30-102, to be the injured plaintiff's exclusive remedy. Id. at 358.
 The Connecticut Supreme Court has stated that "`willful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . ." Dubay v. Irish, 207 Conn. 518, 533 (1988). Furthermore, "[t]he state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness . . ." Id. at 532.
Coble v. Maloney, 2 Conn. L. Rptr. 751, 752 (November 16, 1990, McWeeney, J.). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985).
The court in Coble considered the allegations necessary to give rise to a cause of action for reckless and wanton conduct. In Coble the plaintiff alleged the following:
 The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, the defendant Brain P. Maloney, when they knew, or should have known that the said defendant would be driving a motor vehicle when he left The Pub Cafe and would be likely to cause an injury to others.
Id. at
The court in Coble held that the plaintiff sufficiently alleged facts that constitute a claim for willful, wanton and reckless conduct by alleging that the defendants served liquor to an obviously intoxicated individual. (Emphasis Added) Id. at 752.
In Castillo v. Brito, 5 Conn. L. Rptr. 201, (December 2, CT Page 2330 1991, Hennessey, J.), the court found the following allegations sufficient to support a cause of action for willful, wanton and reckless conduct:
 On said date, at approximately 11:45 p.m., and for some time prior thereto, said unidentified patron proceeded to consume intoxicating liquors purchased from and/or sold by the Defendants. . . Thereafter, on said date and until approximately 11:45 p.m., said unidentified patron was in a visibly intoxicated condition and was loud, boisterous, argumentative and/or prone to violent proclivities yet the Defendants . . . with full knowledge of the likelihood of serious danger of violence or harm to other patrons in said cafe, continued to supply and/or allowed him to remain in his intoxicated state at said cafe, in a reckless manner, with a complete disregard for the likely consequences of their reckless conduct and potential harm to other patrons at the cafe, including the Plaintiff.
Id., 203. In finding that the plaintiff alleged sufficient facts to support a reckless cause of action, the court in Castillo stated "[t]he plaintiff at bar has alleged not only the sale to an intoxicated individual, but as well alleges that the unidentified individual who was served was loud and boisterous and also argumentative and/or prone to violent proclivities." Id., 204.
Similarly, in Kirchmeier v. Foshay 4 CSCR 337 (March 17, 1989, Pickett, J.), found the following allegations supported a claim for wanton or reckless conduct:
 1. The defendants, or their agents, sold, gave and delivered numerous alcoholic beverages to the plaintiff's decedent; 2. The defendants allowed the plaintiff's decedent to consume those drinks and become intoxicated; 3. The defendants or their agents, allowed the plaintiff's decedent to walk out of the establishment even though he was so affected that he was disoriented and unable to walk properly, and; 4. The defendants knew or should have known that the plaintiff's decedent would be walking on a public highway.
Id., 337. CT Page 2331
However, in Stebbins v. Stasche, 3 CSCR 421 (March 21, 1988, Reynolds, J.) held that the following allegations of misconduct were insufficient to support an action for wanton or willful conduct:
 (1) continuing to serve alcoholic beverages to plaintiff when they knew or should have known she was likely to operate a motor vehicle on her departure from the premises;
 (2) permitting plaintiff to leave the premises in an intoxicated condition when they knew or should have known that she would be operating her automobile on a dangerous road; and
 (3) permitting plaintiff to leave the premises in disregard of public policy expressed in General Statutes Section 14-227a.
Id., 421.
The court in Stebbins granted the motion to strike the plaintiff's claim for wanton and willful misconduct on the ground that there was no allegation that the defendants served alcohol to an obviously intoxicated individual. Coble, supra, 752.
In Muckle v. Francis, 7 CTLR 230 (August 13, 1992, Leuba, J.), the court considered the following allegations to support a cause of action for wanton and willful misconduct:
 On said date, the defendants Jeffrey Baier and Silverstreak, Inc. d/b/a September's Cafe, by and through their agents, servants and/or employees, acted willfully, wantonly and recklessly in that they:
 a. intentionally sold and/or provided alcoholic beverages to the defendant, Heron Francis;
 b. intentionally allowed the defendant, Heron Francis, on the premises in an intoxicated condition when his intoxicated condition created a danger to other patrons.
c. intentionally failed to provide adequate CT Page 2332 security on, around and near its premises; and
 d. intentionally failed to provide safe access and egress from the premises.
 The defendants knew or should have known that Heron Francis was in an intoxicated condition at the time that alcoholic beverages were served, sold and/or provided by the defendant.
Id., 231-32.
In finding that the allegations of misconduct were insufficient to support an action for wanton an willful misconduct, the court in Muckle stated that the "plaintiff must plead actual facts which indicate that the defendant knowingly served an intoxicated patron, not just conclusions." Id., 233. The court further stated that "in the instant case the plaintiff alleges mere conclusions that the defendants `intentionally served an intoxicated person.' The mere recitation of the word `intentional' does not bring the plaintiff's allegation within the gambit of a legally sufficient claim for willful, wanton and reckless misconduct." Id.
The court in Muckle relied, in part, on the decision of the Connecticut Supreme Court in Warner v. Leslie-Elliot Construction Co., 194 Conn. 129, 479 A.2d 231 (1984). In considering the sufficiency of allegations to state a cause of action for willful, wanton and reckless misconduct, the court in Warner stated that "willful misconduct `must encompass both the physical act . . . and its injurious consequences.'" Id., 138.
Paragraph 12 of the plaintiff's revised complaint, which is asserted in counts four, five and six, states:
 The accident and the plaintiff's injuries and losses were caused by the wilful, wanton and reckless conduct of the defendant, its agents, servants and/or employees in that they served alcohol to Keith Royce while they knew he was intoxicated, all of which resulted in the plaintiff's injuries.
The plaintiffs' allegations are insufficient to support a cause of action for willful, wanton and reckless misconduct. As was stated in Muckle, the plaintiffs have alleged no facts which CT Page 2333 would indicate that the defendants, or their agents, continued to serve Royce despite observable manifestations of intoxication. The plaintiffs have not alleged any facts which take on the aspect of highly unreasonable conduct involving an extreme departure of ordinary care. Dubay, supra, 533.
In Coble, the plaintiff alleged that the defendant served liquor to an "obviously" intoxicated person which was sufficient to give rise to a cause of action for willful and wanton misconduct. In Castillo, the court sustained the plaintiff's cause of action for willful, wanton and reckless conduct because the plaintiff alleged not only the sale to an intoxicated individual, but that the unidentified individual who was served was loud, boisterous, argumentative and prone to violent proclivities. In Kirchmeier, the court found that the plaintiff's allegation was sufficient to support a claim for wanton or reckless conduct because the plaintiff alleged that the defendants allowed the plaintiff's decedent to consume alcohol and walk out of the establishment even though he was so affected that he was unable to walk properly. The plaintiffs have not alleged that Royce was obviously intoxicated, or loud and boisterous, or that he was so intoxicated that he was unable to walk properly. While the plaintiffs need not allege these specific characteristics of intoxication, the plaintiffs must at least allege some elements which go beyond the mere conclusion that the defendants served an intoxicated person. The plaintiffs' allegations are devoid of any the elements that would suggest that Royce was served alcohol despite observable manifestations of intoxication. Therefore, the defendants' motion to strike counts four, five and six is granted because they fail to state a cause of action for willful, wanton and reckless misconduct.
So ordered.
HIGGINS, J. CT Page 2334