[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON PLAINTIFF'S OBJECTION TOREQUEST TO REVISE
On May, 1994, this court granted the defendant's motion to strike the plaintiff's complaint on the ground that the plaintiff did not allege sufficient facts to support his claim of willful, wanton and reckless conduct. On May 24, 1994, the defendant filed a request to revise the plaintiff's amended complaint by deleting it in its entirety, claiming that the plaintiff's amendments do nothing more than repeat the allegations of the original complaint, which the court held were conclusory and unsupported by sufficient facts. On July 14, 1994, the plaintiff filed a timely objection to the defendant's request to revise.
In order to allege a cause of action for willful, wanton and reckless conduct, the plaintiff must allege facts that show "such conduct that indicates a reckless disregard of . . . the safety of others or . . . intentional misconduct." Kowal v. Hofher, 181 Conn. 355,362 (1980). In his amended complaint, the plaintiff alleges that (1) he was a regular customer known to the CT Page 10008 defendant's employees; (2) he was in a visibly intoxicated state in that he was loud, boisterous and unruly; (3) he was served by the same waitress during a five hour period of heavy drinking; and (4) he was served at least one last drink "for the road" just at closing time. These allegations that the defendant served a patron alcohol despite the fact that he was obviously drunk appear to be legally sufficient. Castillo v. Brito,5 Conn. L. Rptr. 201 (October 28, 1991, Hennessey, J.), Kirchmeier v.Forshay, 4 CSCR 337 (March 17, 1989, Pickett, J.). differ from the allegations found to be cf: Stebbins v.Staschke, 3 CSCR 421 (March 21, 1988, Reynolds, J.), andMuckle v. Francis, Superior Court, Judicial district of New London at New London, docket number 518276 (August 13, 1992, Leuba, J.).
Plaintiff's objection to the defendant's request to revise is sustained.
Wagner, J.