[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Karl Nordlund, brings this action seeking to recover for injuries and damages sustained as a result of an automobile accident which occurred on February 2, 1996, at approximately 11:34 p. m., on Aspetuck Ridge Road, New Milford.
Suit was brought against three defendants, Mark Dabb, James Ek and Cherry Oak Development, LLC, returnable March 9, 1998.
The plaintiff was a passenger in a vehicle being operated by the defendant, Mark Dabb, at the time of the accident.
While driving northbound on Aspetuck Ridge Road, Mark Dabb lost control of his vehicle and struck a utility pole adjacent to the highway.
Thereafter, a vehicle operated by the defendant, James Ek, and owned by Cherry Oak Development, LLC, collided with the rear of the Dabb vehicle.
On June 24, 1998, the defendant, Mark Dabb, served an apportionment complaint upon the Good Shepard Lodge, d/b/a Odd Fellows Hall, pursuant to § 52-102b of the Connecticut General Statutes.
Prior to the accident, the defendant, Mark Dabb, attended a stag party at the Odd Fellows Hall at which alcoholic beverages were served and consumed.
The original apportionment complaint claimed that the apportionment defendant, Good Shepard Lodge, d/b/a Odd Fellows Hall, was negligent in that it allowed alcohol to be served to CT Page 3963 persons who were visibly intoxicated, and that it failed to adequately supervise the activities in order to prevent persons at the party from becoming intoxicated.
The apportionment defendant filed a motion to strike the apportionment complaint on August 18, 1998, arguing that no cause of action exists at common law based upon the negligent furnishing or the negligent sale of alcoholic beverages. Nolan v.Morelli, 154 Conn. 432, 436 (1967); Quinnett v. Newman,213 Conn. 343, 347 (1990).
While the motion to strike was pending, the defendant, Mark Dab, filed a request for leave to amend the apportionment complaint dated September 21, 1998.
The amended apportionment complaint alleged that the apportionment defendant, Good Shepard Lodge, d/b/a Odd Fellows Hall, was guilty of "wilful, wanton and reckless misconduct," in the furnishing of alcoholic beverages to patrons who were visibly intoxicated.
An objection to the request for leave to amend was filed on September 28, 1998, and overruled by the court (Carroll, J.) on October 19, 1998.
The apportionment defendant now files a second motion to strike contending that the latest amended complaint states an entirely new cause of action and is therefore barred by the provision of § 52-102b requiring an apportionment complaint to be served within one hundred twenty days of the return date.
The defendant maintains that the amended apportionment complaint relates back to the date of the service of the initial apportionment complaint, June 24, 1998, and therefore complies with the requirements of § 52-102b.
 STANDARD OF REVIEW
A motion to strike tests the legal sufficiency of a pleading.Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. It admits all well pleaded facts, and the court must construe facts alleged in a pleading in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278 (1988);Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). CT Page 3964
If facts deemed provable in a complaint would support a cause of action, the motion to strike must be denied. Waters v.Autuori, 236 Conn. 820, 825-26 (1996). Legal conclusions or opinions stated in the pleadings are not admitted. Mingachos v.CBS, Inc., 196 Conn. 91, 108 (1985); Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
 DOCTRINE OF RELATION BACK PERMITS AMENDED APPORTIONMENT COMPLAINT
Although the plaintiffs complaint alleges negligence against the defendants, a defendant may cite in an apportionment defendant whose conduct is alleged to be reckless, wilful and wanton. Bhinder v. Sun Company, Inc., 246 Conn. 223, 234 (1998).
The doctrine of relation back, as applied by Connecticut courts, is akin to rule 15(c) of the Federal Rules of Civil Procedure, Giglio v. Connecticut Light Power Co.,180 Conn. 230, 239 (1980).
Rule 15(c) reads:
 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
In Gurliacci v. Mayer, 218 Conn. 531 (1991), the initial complaint alleged that the defendant was negligent in the operation of a motor vehicle while he was intoxicated.
After the applicable statute of limitations had passed, the court permitted the plaintiff to amend the complaint, adding an allegation that the defendants actions had been wilful, wanton and malicious.
Although the plaintiff raised the statute of limitations issue by way of special defense, the court held that the amendment related back to the date of the filing of the initial complaint and was not barred. Gurliacci v. Mayer, supra, 549.
Here, the amended apportionment complaint relies upon the same set of facts relied upon in the initial complaint. The apportionment defendant received fair notice on the filing of the CT Page 3965 initial complaint in June of 1998, that a claim was being asserted stemming from a particular transaction or occurrence. Therefore, the purpose of both a statute of limitations provision and the one hundred twenty day time limit provided in § 52-102b, protecting a party from the necessity of defending against stale claims, is fully served through the application of the doctrine of relation back. Giglio v. Connecticut Light PowerCo., supra, 240.
In Gurliacci v. Mayer, the amendment had the effect of taking the plaintiffs claim outside the fellow employee immunity rule found in § 7-465 of the Connecticut General Statutes, while here the amendment avoids the failure of the common law to recognize a cause of action based upon the negligent furnishing or sale of alcoholic beverages.
Those circumstances have no bearing upon the application of the doctrine of relation back to the facts presented.
There is no reason why a different rule should apply to an amended complaint brought in a situation subject to the provisions of § 52-102b, than that which applies to an amended complaint filed subsequent to the expiration of an applicable statute of limitation.
Although circumstances may be presented in which an entirely new factual situation is presented by an amended complaint representing a new and different cause of action; Sharp v.Mitchell, 209 Conn. 59, 72 (1988); this case is governed byGurliacci v. Mayer.
The motion to strike filed by the apportionment defendant, Good Shepard Lodge, d/b/a Odd Fellows Hall, is therefore denied.
Radcliffe, J.