[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This motion for summary judgment was originally granted by this Court because there was no opposition and no opposition brief. However, the Court granted a Motion to Reconsider based upon the Court's determination that the plaintiff did not become aware that the motion for summary judgment was going to be heard and decided on the short calendar. This failure to be aware of the motion being considered by the Court is based upon the fact that the short calendar list had been lost or misfiled by CT Page 9836 the plaintiffs' attorneys' office and said attorneys had allegedly never received notice from the defendant that the motion was going to be marked ready.
Accordingly, the Court scheduled a hearing for August 17, 2000 at which time it reviewed all the briefs of the parties including the plaintiffs' brief in opposition and the defendants' reply brief. The Court also heard oral argument at that time.
 FACTS
William F. Leonard III (hereinafter "Leonard") was an employee of the defendant which was a restaurant/bar on or about July 25, 26, and 27, 1997. That evening Mr. Leonard consumed alcohol at his said place of employment and subsequently caused an automobile accident injuring the plaintiffs. His alcohol reading was .18 substantially over the minimum level of .10 from which a jury would probably find that he was, therefore, under the influence of alcohol at the time of the accident. The defendants have moved for summary judgment on Count One of the complaint which they allege is a claim in common law negligence. The plaintiffs allege that the defendants mischaracterize the first count which they claim is a claim for negligent supervision of the employee, Leonard.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there as no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital,192 Conn. 451, 455 (1984); Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffev. New York, New Haven and H.R. Company, 160 Conn. 482, 488 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368 (2000). "[T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v. Gray, 26 Conn. App. 293, 296-97 (1991).
FINDINGS
CT Page 9837
The basic facts in this case are not in dispute. Leonard has admitted that while he was acting as a bartender at said restaurant/bar, he, himself, consumed three beers between 11:00 PM and time of closing. The Court finds that the allegations of Count One, in particular paragraph 12, do set forth a cause of action for negligent supervision. Defendants claim that even if there was negligent supervision, the proximate cause of the resulting injuries was the service of alcohol to Leonard (although by himself), and that, therefore, that is a common law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another and that there is no such common law action. Kowal v. Hofher, 181 Conn. 355, 357 (1980). However, this holding is based upon the principle that ". . . the consumption, rather than the furnishing, of intoxicating liquor is the proximate cause of intoxication . . ." Nolan v. Morelli, 154 Conn. 432, 440 (1967). Morelli
goes on to say: "Thus, a cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment would be unaffected by the common law rule, whether they were or were not intoxicated and, if intoxicated, regardless of when, where, or how they became intoxicated. In such a situation . . . as a consequence of such negligence in supervision might have a common law cause of action under the rule of cases such as Lowthert v. Loyal Order of Moose of Stamford, Lodge 940,Inc.; 147 Conn. 529, 533 . . ."
Under the circumstances of this case this Court finds that the claim of the plaintiffs that there is a distinction between cases involving negligent supervision where the employee is the one who causes the accident and those in which the patron of the bar or restaurant is the one who causes the accident has merit. Therefore, the Court finds that the cases cited by the defendants in which the patron is the person who caused the accident to be inapplicable to the circumstances of the case at bar. This Court had an opportunity in a case of first impression to rule whether there is a cause of action for reckless supervision of an employee. In the case of Dewey v. Gosselin, et al, Rittenband, J., Superior Court Judicial District of Hartford at Hartford, Docket No. 97-0571659 (September 9, 1997), the plaintiff claimed that the hotel employee was drunk and ran a cart into the plaintiff while the employee was trying to assist the plaintiff in starting his car. This Court ruled that under the allegations that the defendant hotel knew or should have known that the employee had a history of alcoholism and was negligent in not observing him when he came on duty showed a recklessness in the supervision of that employee. Although in this first count in the case at CT Page 9838 bar there is no claim for reckless supervision, the allegations of negligent supervision have been set forth. The issue then comes down to what was the proximate cause of this accident; was it the serving of liquor by the employee to himself, thereby putting the employee in the position of a patron, or was it a failure on the part of the defendants to appropriately supervise the conduct of the bartender, Leonard. From the transcript of the deposition of Leonard, it is apparent that he was the only bartender on duty after 11:00 PM, and, perhaps, the failure to have another bartender was a lack of proper supervision. In cases decided by the Connecticut Supreme Court subsequent to the decision in Quinnett v.Newman, 213 Conn. 343 (1990), said Court has decided that the issue of proximate cause should be treated as an issue of fact to be decided by the trier of fact. See Wasfi v. Chaddha, 218 Conn. 200, 218 (1991), andAmandola v. Geremiah, 21 Conn. App. 35, 38-9 (1990).
As for the defendants' claim that Leonard was not acting in the course of his employment while going to or from work or while engaged in private activities after the hours of work, the issue again is the proximate cause of the accident. Here, it would seem that the proximate cause was Leonard's consumption of the three bottles of beer at his place of employment which made him intoxicated. However, that is also an issue of fact. This Court agrees with Corradino, J., in Sheftic v. Marecki, etal, 25 Conn.L.Rptr. 584 (1999) and in the decision of Hennessey, Mary, J., in Castillo v. Brito, 1991 WL 230112 (Conn.Super.) in which the Court cited the dicta in Nolan v. Morelli, supra, and cited other Superior Court cases in which the ruling was essentially that there could be a cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment. Judge Hennessey cited Olsonv. Tompkins, Superior Court, Judicial District of Litchfield, Docket No. 05-41-61 (August 28, 1991) in which Judge Pickett recognized a cause of action for negligent supervision of bar patrons and allowed the plaintiff to proceed with her claim. The same would be even more true of a factual situation in which the employee imbibed sufficient liquor while on duty to make him intoxicated resulting in the accident, as is the case at bar.
For the foregoing reasons of law as well as this Court's conclusion that the proximate cause of the accident is a genuine issue of material fact, the motion for summary judgment is denied.